UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

      v.                             CASE NO. 8:22-cr-259-WFJ-AEP

OMALI YESHITELA,
     a/k/a "Joseph Waller,"
PENNY HESS,
JESSE NEVEL,
     a/k/a "Jesse Nevelsky," and
AUGUSTUS C. ROMAIN, Jr.

**UNITED STATES' MOTION TO STRIKE EXPERT DISCLOSURE**

The United States hereby moves to strike Defendant Penny Hess's expert notice of Mr. Aaron Mate. The Defendant noticed Mr. Mate as an expert on August 13, 2024, yet she has not provided a meaningful summary of his proposed testimony, as is required under Rule 16(b)(1)(C). Based on the limited information that has been disclosed, Mr. Mate lacks the qualifications to serve as an expert, and his anticipated testimony is irrelevant to this case and therefore not helpful to the jury. But more to the point: the subject of his testimony appears to be Russian interference in the 2016 U.S. election—a topic that has already been excluded from trial per an order of this Court. Doc. 213 (Order excluding evidence related to 2016 U.S. presidential election). The United States thus moves to strike the Defendant's expert notice with respect to Mr. Mate. *See generally* Fed. R. Crim. P. 16(d)(2) (permitting the Court to—upon a party's failure to comply with Rule 16 and its discovery obligations—preclude introduction of evidence or enter any other order that is just under the circumstances).

On August 13, 2024, counsel for the Defendant informed the United States that she "intend[s] to call Journalist Aaron Mate as an expert to rebut the testimony" of the government's experts, Professors Thomas Rid and Brian Taylor, "regarding Russia and Russian interference in the U.S."  The Defendant attached Mr. Mate's CV and provided links to four articles authored by Mr. Mate.  *See* Exs. A-E (attaching CV and linked articles).  Counsel for the Defendant further stated that they would provide additional information at a later date.  Nine days later, no further information has been provided aside from an email on August 20, 2024 in which counsel disclosed another, new expert witness, and added that "Aaron Mate would rebut some of the factual assertions about Russian meddling in U.S. democracy. He will also talk about the censorship of alternative voices that arose following Russia's invasion of Ukraine in Feb 2022."

In place of a Rule 16 summary, the Defendant provided the United States with the four aforementioned web articles that Mr. Mate authored. In two of the articles, Mr. Mate contends that media coverage of Special Counsel Robert Mueller's investigation into Russian election interference was overstated or unsupported by the Special Counsel's report.  *See generally* Ex. B (article in The Nation commenting on an Oxford University report on Russian interference and stating that "it is difficult to square the data with the dramatic conclusions that have been drawn"); Ex. C (article arguing that the "headline assertions" of various media outlets are not "supported by [the Mueller Report's] evidence or other publicly available sources").  In the remaining two articles, Mr. Mate focuses on the role of CrowdStrike, a cyber forensics company,

2

in predicating the investigations into Russian interference. *See* Ex. D (discussing public testimony by CrowdStrike's CEO regarding Crowdstrike's forensic examination of certain DNC servers); Ex. E (discussing Special Counsel John Durham's report into the Russia interference investigation and criticizing CrowdStrike).

Even assuming, *arguendo*, that Mr. Mate is qualified to testify as an expert and that his anticipated testimony is relevant and likely to help the factfinder, the Defendant's notice should be stricken because it is inconsistent with this Court's prior order. On July 31, 2024, the Defendant filed a motion in limine to exclude the government's two experts. Doc. 194. Therein, the Defendant specifically sought to exclude testimony relating to the 2016 election, including "that Russia or its intelligence services hacked into the email of the Democratic National Committee and other Democratic officials." *Id.* at 5. In response, the United States made clear that it "does not intend to elicit any such testimony" and that "the United States does not oppose an order excluding testimony or cross-examination concerning that topic." Doc. 206 at 1. On August 13, 2024, the Court then entered an order denying the Defendant's motion, explicitly noting "the Rule 403-related exclusion of matters related to the 2016 U.S. presidential election." Doc. 213.

In sum, the Defendant expressly sought to keep out evidence relating to Russian interference in the 2016 election, the United States agreed not elicit testimony regarding the same, and the Court so ordered. The Defendant now seeks to walk back from all this and call her own supposed expert to testify on these same issues—under the guise that the testimony will be about "Russia and Russian interference in the

3

U.S."  The Court should reject this effort and strike the Defendant's notice as to Mr.

Mate.


ROGER B. HANDBERG                By: _s/ Daniel J. Marcet_____
United States Attorney               DANIEL J. MARCET
                                     RISHA ASOKAN
                                     Assistant United States Attorneys
                                     Florida Bar No. 0114104
                                     400 N. Tampa St., Ste 3200, Tampa, Florida
                                     813/274-6000 | Daniel.Marcet@usdoj.gov


JENNIFER K. GELLIE               By: _s/ Menno Goedman_____
Acting Chief,                        MENNO GOEDMAN
Counterintelligence and Export       Trial Attorney, National Security Division
Control Section                      950 Pennsylvania Ave. NW, Washington, DC
                                     (202) 451-7626 | Menno.Goedman@usdoj.gov


4

## CERTIFICATE OF SERVICE

I hereby certify that on August 22, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Ade Griffin, Esq.
Leonard Goodman, Esq.
Mutaqee Akbar, Esq.

I hereby certify that on August 22, 2024, a true and correct copy of the foregoing document and the notice of electronic filing were sent by United States Mail to the following non-CM/ECF participant(s):

Augustus C. Romain, Jr.
Inmate ID: 54801510
Citrus County Detention Facility
2604 W Woodland Ridge Dr.
Lecanto, FL 34461

>                                        /s/ Daniel J. Marcet
>                                        Daniel J. Marcet
>                                        Assistant United States Attorney
>                                        Florida Bar No. 0114104
>                                        400 N. Tampa St., Ste. 3200
>                                        Tampa, FL 33602-4798
>                                        Telephone: (813) 274-6000
>                                        Facsimile: (813) 274-6358
>                                        E-mail: Daniel.Marcet@usdoj.gov